SOMMERVILLE, J.
January 6,1913, Miss Fannie Suthon, Mrs. Manette Suthon, widow of Lucius Suthon, Miss Mary Suthon, Miss Georgiana Suthon, and Hugh S. Suthon made and executed a note secured by mortgage in favor of Maurice Cambon for $16,125, bearing 8 per cent, per annum interest from date, and bearing on certain property in the city of Houma belonging to the Süthons, and payable five years after date. The mortgage was accepted, and the note taken by Maurice Cambon for Cambon Bros., plaintiffs herein. The latter, on February 13, 1918, caused ex-ecutory process to issue on said mortgage, and the property mortgaged was seized and advertised for sale. The defendants, Suthons, enjoined the execution of the sale on the ground of want of consideration, except to the extent of $3,000, and Cambon Bros, have appealed from a judgment perpetuating the injunction. ,
[1] On the trial, evidence was offered on behalf of Cambon Bros, to show the exact consideration of the note and the mortgage, but, on objection being made that the terms of a certain written document entered into between Cambon Bros, and the Whitney Bank of New Orleans, wherein Cambon Bros, subordinated the judicial mortgages held by them on the Greenwood Planting & Manufacturing Company to the bank’s mortgage, could not be altered or varied by parol evidence, the objection was sustained and the evidence was excluded.
There was error in the ruling of the court. The Code provides in article 1900:
“If the cause expressed in [as] the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
It was stated by counsel for Cambon Bros, at the time the testimony was offered that the testimony would go to show the exact and’ full consideration of the note sought to be executed upon; and evidence of that character was competent and admissible. Delabigarre v. Second Municipality, 3 La. Ann. 230; Brown v. Brown, 30 La. Ann. 969; Jackson v. Miller, 32 La. Ann. 434; Sere v. Darby, 118 La. 626, 43 South. 255.
Counsel for the Suthons says, on his brief:
“If the door is open to the introduction of parol evidence herein, these ladies will probably be ruined.”
But that is not a valid objection to competent testimony.
Although the parol evidence was excluded, there is sufficient documentary evidence in the record to show the consideration for the note sued upon. Therein appears a document executed by the Cambon Bros, and the Suthons of the same date, January 6, 1913, as the mortgage and note sued upon, and there is therein stated the exact consideration for the $16,125 note and mortgage given by the Suthons. It shows the real meaning and actual intent of the parties. This document was attached to the petition of intervention filed by the Suthons,. and it contains the allegation that the Suthons are the stockholders of the Greenwood Planting & Manufacturing Company on which the Cambon Bros, held judicial mortgages aggregating $13,125, with interest; and it was agreed between the parties to that document *69 that, in consideration of the transfer by Cambon Bros, to the Suthons of their judicial mortgages, and the assumption of a $3,000 mortgage upon the town property of the Suthons in Houma, La., they, the Suthons, would give to Cambon Bros, the note for $16,125, secured by a mortgage, bearing upon the town property of the Suthons. The sale by Cambon Bros, of these judicial mortgages held by them was consummated, and the note and mortgage now sought to be executed were giveh to them for said judicial mortgages. There was thus shown full consideration given by the Cambons for the note and mortgage involved in this case.
It was further covenanted and agreed between the parties in' the same contract that Cambon Bros, were to retain possession of the judicial mortgages until a prior mortgage bearing on the town property, that is, on the interest of Hugh S. Suthon in that property, amounting to $6,000 and interest should be canceled, and that $612.50 in cash should be paid by the Suthons to Cambon Bros.
The agreement referred to reads in part as follows:
“Whereas, said S. Cambon holds said judgments for the sum of $13,125 and is willing to sell the same for said amount with 8% per annum from June 1, 1013, and
“Whereas, the undersigned members of the Suthon family who are the stockholders of the Greenwood Planting & Manufacturing Company, Limited, are desirous of acquiring said judgments and are willing to do so by granting a mortgage on their individual property situated in the city of Houma, La., and
“Whereas, the said S. Cambon is willing to take the mortgage on said town property in exchange for said judgments and to sell and subrogate the judgments to any one designated by the said Suthons: * * *
“Now, therefore, it is hereby covenanted and agreed between the said Cambon Bros, and the undersigned representing the Suthons that the Suthons shall execute a mortgage on the town property and deliver to the said Cambons a first mortgage note upon same for the sum of $16,125 (which included the $3,000 mortgage already resting on the property, and before referred to) which note shall bear 8 per cent, per annum interest with interest payable annually on Jan. 1 of each and every year, and be payable on or before five years after date, at the option of the makers. The said Cambon Bros, are to receive the said mortgage note as the purchase price of the judgments to be sold and subrogated as aforesaid,' but it is understood and agreed that they shall not be required to subrogate the above-mentioned judgments and that they shall continue to hold same until the mortgage resting on the share of Hugh S. Suthon in the town property shall be paid and canceled and until the said Cambons have been paid the interest áccrued and due upon their investment in said judgments, which amount is hereby fixed at $612.50. In other words, it is understood that the Cambon Bros, agree and bind themselves to transfer and subrogate to any one designated by the said Suthons the judgments before mentioned just as soon as the said mortgage against the share of Hugh S. Suthon is paid and canceled and further paid the said sum of six hundred and twelve and one-half dollars until which time, and for the faithful performance of which conditions, they shall continue to hold the said judgments.”
[2] This was a complete sale and transfer of the judicial mortgages held by Cambon Bros, to the Sutbons, and for which the latter gave their note secured by mortgage on their town property for $16,125. The consideration for the note and mortgage was thus proved by the evidence offered by the Suthons on the trial of the cause.
It is contended in argument that, because Hugh S. Suthon had not paid and canceled the mortgage resting on his share of the town property, the judgments held by Gambon Bros, against the Greenwood Planting & Manufacturing Company have not been transferred to the Suthons. But it is distinctly stated in the agreement that, while the judgments were sold to the Su,thons, “they, the Cambon Bros., shall continue to hold the same (i. e., the judgments) until the $6,000 mortgage resting on the share of Hugh S. Suthon in. the town property shall be paid and canceled. * * * In other words, it is understood that the Cambon Bros, agree *71 and bind themselves to transfer and subrogate to any one designated by the said Suthons the judgments aforementioned just as soon as the said mortgage against the share of Hugh S. Suthon is paid and canceled,” etc. The Oambons were thus to hold the judicial mortgages in their possession as security for the cancellation, by Hugh S. Suthon, of the $6,000 mortgage issued by him and which bore upon the interest in the town property.
[3] The Suthons now say, excepting Hugh S. Suthon, who is not a party to this litigation, that the failure of Hugh S. Suthon to discharge his portion of the obligation had the effect of annulling the contract; but the Suthons cannot be heard to say that they have failed to perform one of the conditions of the contract, and claim a discharge from all obligations thereunder.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant in injunction, Cambon Bros., and against widow Lucius Suthon et ah, plaintiffs in injunction, dissolving and setting aside said injunction, and that the executory process herein issued be proceeded with in accordance with law; and for costs in favor of the Cambon Bros.