OVERTON, J.
 

 The plaintiffs herein are the Misses Georgiana, Fannie, and Mary Suthon. They, together with Mrs. Manette Suthon and their brother, Hugh S. Suthon, executed, in 1913, a mortgage in favor of Maurice Cambon, for something over $16,000, on certain real property in the parish of Terrebonne. Cambon Bros., the defendants herein, became the owners of the mortgage, and, in 1918, attempted to foreclose it by way of executory process. The Misses Suthon and Mrs. Manette Suthon, Hugh S. Suthon not making himself a party to the suit, enjoined the proceeding to foreclose the mortgage, except to the extent of $3,000. They were successful in the trial court, but on appeal the judgment there rendered was set aside, and the' injunction dissolved. See Cambon Bros. v. Suthon, 147 La. 66, 84 So. 496. After the decree of this cóurt was received by the court below, the foreclosure by executory process was proceeded with; and, at the sale which •ensued, the members of the firm of Cambon Bros, purchased the property mortgaged.
 

 The Misses Suthon, whom we shall hereafter refer to as the ifiaintiffs, now desire to recover the property purchased at said sale by the Cambons, by redeeming it from them, subject, however, to the right of Hugh S. Suthon to redeem from them his interest ■in the property. They allege that in all of the proceedings, had, leading up to the sale, they were rei>resented by their brother, Hugh S. Suthon. They .also allege, among other things,' that prior to, at the time of, and subsequent to, the adjudication of said property to the Cambons, it was agreed between the latter, on the one part, and Hugh S. Suthon and themselves, on the other part, that they and Hugh S. Suthon should have the right to redeem all of said property by paying to Cambon Bros, the amount of the mortgage for which the property was about to be and was sold, including the costs of sale, and such sums as the Cambons would be com- , pelled to pay by reason of mortgages and privileges on said property, priming their mortgage. They also allege that, as additional consideration for the right of redemption, asserted by them, they surrendered to the Cambons a note for $10,000, secured by mortgage on a part of the property, adjudicated to the Cambons, executed by them several days prior to said adjudication, and also deeded to the Cambons that part of the property which was affected by the $10,000. mortgage mentioned. They also allege that the Cambons, notwithstanding their agree
 
 *137
 
 ment to permit them to redeem the property-, now contend that the right of redemption was given only to Hugh S. Suthon, and refuse to recognize their right to redeem the property. -They therefore bring this suit to have recognized and to enforce the right of redemption asserted by them, and make the Cambons and Hugh S. Southon parties defendant to their suit.
 

 The sheriff’s deed, made to the Cambons, pursuant to the adjudication, as might be presumed, does not contain the slightest evidence that the right of redemption was reserved or granted to plaintiffs; nor does'the deed, alleged by plaintiffs to have been executed by them in favor of the Cambons, to that part of the property affected by the $10,000 mortgage, contain any reference whatever to a right of redemption. As such was the case, and as plaintiffs possessed no written evidence whatever showing that they had the right to redeem the property, they attached to their petition interrogatories on facts and articles, to be answered by Hugh S. Suthon and the Cambons. The interrogatories were answered, and the answers of the Cambons show that, after the adjudication made by the sheriff to them, Hugh S. Suthon, on his own account, endeavored to open negotiations with them to acquire the property from them on terms partly cash and partly on credit. The answers of the Cambons further show that they refusec;! to open negotiations with Suthon unless a cloud, which they thought that plaintiffs were casting upon the title which they had just acquired, was removed, and unless the $10,000 mortgage note, mentioned above, and executed several days prior to the adjudication, was' surrendered to them, and they were assured that there W’ould be no subsequent attack upon their title. • The answers of the Cambons further show that,' at the time they advised Suthon of these terms as a basis for • opening negotiations with him, they also informed -him that under no circumstances or conditions would they negotiate or bargain with his sisters, the plaintiffs herein, directly or indirectly, relative to a sale of said property. The answers of the Cambons also ’show that, on the same day that they were approached by Suthon, the latter delivered to them a’ document, which is the deed referred to by plaintiffs in their petition, signed by Suthon and plaintiffs, recognizing the title in the Cambons to all of the property purchased by them at the sheriff’s sale, and that Suthon later surrendered to them the $10,000 mortgage note, mentioned above. The answers of the Cambons also show, as do likewise those of Suthon, that no right to redeem the property was ever granted to plaintiffs. While the answers to the interrogatories on facts and articles do not so disclose, yet it may be said in this connection that it appears, from a document produced and offered in evidence by Suthon towards the close of the trial, that the negotiations between him and the Cambons resulted in the latter binding themselves for a consideration paid by Suthon, aggregating several thousand dollars, to sell to him, on or before January 1, 1928, the property in controversy, in the event he should desire to purchase within that time, and that, during the life of the promise to sell, he should have the right to use and oeGupy a residence on a part of the property without paying rent therefor.
 

 After Suthon and the Cambons had answered the interrogatories on facts and articles addressed to them, they filed their answers to the suit, and in due course the case came on for trial. On the trial of the case, plaintiffs were confronted with the fact that they had no documentary evidence to establish the right of redemption, claimed by them, and with the further fact that the answers to the interrogatories on facts and articles were unfavorable to them. Plain
 
 *139
 
 tiffs therefore attempted to establish the right to redeem, asserted by them, by parol evidence. The attempt to so establish that right was objected to by defendants on the ground that parol evidence is not admissible to. establish the right to redeem real estate, and upon the further ground that, such being the case, the answers to. the interrogatories on facts and articles, made by defendants, could not be contradicted by parol evidence. The trial court sustained the objection, and the question is whether the ruling made by that court is correct.
 

 The sale, as we have seen, by which the Cambons acquired title to the property in controversy, was a judicial sale. The law does not accord to the debtor the right to redeem his property when sold at such a sale. However, a debtor may contract with his creditor to the effect that, in the event the latter should become the purchaser of the former’s property at a judicial sale to be held, the creditor will reconvey the property to the debtor t^pon the payment of a specified sum, but such an agreement, when made, amounts, strictly speaking, to an option to purchase the property rather than to the right to'redeem it. But, whether we view the right asserted by plaintiffs as an option to purchase or as a right to redeem, in either event the right must be established by written evidence, as it involves the power' to compel the transfer of title to real property, or it must be established by means of interrogatories on facts and articles, propounded to the purchaser, the answers to which may be said to take the place of written evidence. In neither event can the right be established otherwise over the objection of the purchaser. Civil Code, arts. 2275, 2440. But plaintiffs contend that, as they delivered or surrendered the $10,000 mortgage note, mentioned above, to the Cambons, and as they executed and delivered to them a deed to a part of the property in controversy, after the adjudication of the entire property was made to the Cambons by the sheriff, they should be permitted to show by parol evidence that, in truth and in fact, the consideration for the delivery or surrender of the note and the execution of the deed was the right to redeem the entire property or the option to purchase it, which they seek to establish and enforce in this proceeding.
 

 The instrument here referred to by plaintiffs as a deed recites no consideration whatever. It is an act recognizing the validity of the title acquired by the Cambons to the entire property, 'and was Executed' particularly for the purpose of recognizing that the part of the land, acquired at the sale, upon which rested the mortgage, executed by plaintiffs several days prior to the sale, and while the' land was under seizure, was in-cluded in the mortgage foreclosed by the Cambons, and to counteract a rumor, which the act recites had gained currency, that all of the property adjudicated to the Cambons at the sheriff’s sale was not included in the mortgage foreclosed.
 

 In our opinion the act required no consideration to support it, but, be that as it may, and assuming that the act has a consideration,- still there is no allegation in plaintiff’s petition to the effect that it was agreed that the consideration of this instrument was that plaintiffs should have the right to redeem the property in controversy, or be given the option to purchase it or any part of it, but that in the confection of the act the recital of the consideration was erroneously or fraudulently omitted.
 

 While it is true that the consideration for an act, where a consideration is required, may ordinarily be shown by parol evidence, yet this rule does not hold good, where the consideration is to redeem or is the granting of an option to purchase real estate, when the purpose of showing it is to enforce the right to redeem or purchase, at
 
 *141
 
 least, in the absence of an allegation of error in the confection of the instrument. We-think that this ruling is clearly deducible from articles 2275 and 2440 of the Civil Code, cited supra. Por the same reason parol evidence was inadmissible to show, for the purpose of establishing and enforcing the right to repurchase the property in controversy, that a part of the consideration for such right was the surrender of said mortgage note.
 

 As written evidence was therefore necessary to establish the right which plaintiffs assert, parol evidence was inadmissible to contradict the answers to the interrogatories on facts and articles, made by the Cambons, for the right to contradict the answers to such interrogatories by parol exists only where the demand sought to be established may be. proved by such evidence. Rester v. Powell,
 
 120
 
 La. 425, 45 So. 372. Our conclusion, therefore, is that the trial judge ruled correctly in excluding the parol evidence offered.
 

 As the record stands,' the evidence shows that plaintiffs do not possess the right to redeem or the option to purchase the property in controversy.
 

 For the reasons assigned, the judgment appealed from is affirmed, appellants to pay the costs.
 

 O’NIELL, C. J., absent.