No. ——

**First Circuit**

**BLACK ET AL. v. ROUSSEL ET AL.**

(December 4, 1928. Opinion and Decree.)

W. J. Carmouche, of Crowley, attorney for plaintiff, appellant.

Gremillion and Smith, of Crowley, attorneys for defendant, appellee.

LECHE, J. Plaintiff's action is predicated on a note of the defendant Abner Roussel for $1625.00 and its main purpose is to have declared as simulated a sale from Roussel to Luzar John, of a farm containing about 300 acres of land. Plaintiffs allege in the alternative, that if said sale is not simulated, it is fraudulent and was made by Roussel and accepted by John for the purpose of enabling Roussel to evade the payment of their note of $1625.00.

The charge of simulation was abandoned in this Court at the time the case was submitted, so that the action as now presented is the actio pauliana, purely recovatory and the sale is now sought to be set aside for having been made by Roussel in fraud of plaintiffs, his creditors.

The District Court rejected the demand of plaintiffs and they have appealed.

It is elementary that one who attacks a transaction as fraudulent, must have been a creditor at the time of the transaction, that he must prove the insolvency of the vendor at the time, knowledge of such insolvency by the purchaser and the intent of the latter in buying, to assist the former in defrauding his creditors. C. C. 1969, 1970. Rownd vs. Davidson, 113 La. 1048, 37 So. 965.

In the present case plaintiffs are creditors of Abner Roussel and this condition precedent to bring the action is virtually conceded. But the existence of the other conditions required by law in order to set aside the transaction, is seriously denied and that constitutes the contested issue in this case.

The insolvency of Abner Roussel when he sold his farm to Lazar John, is not proved with any degree of certainty, and even if such fact be presumed, it is certainly not established that John was aware of it. The other legal requisite that John must have bought for the purpose of assisting Roussel to defraud plaintiffs, his creditors, rests on mere suspicion.

It is shown and conceded that Roussel made no concealment of the fact that he wanted to sell his farm, that he really sold it and made actual delivery to John. That he obtained from John as the purchase price a sum of money approximating $18,000.00. The preponderance of the evidence shows that this was a fair price, say $60.00 per acre, for the 300 acres of land contained in the farm, and we therefore see no reason to annul the transaction as one concocted by the parties to defraud the creditors of Roussel.

Plaintiffs contest the right of defendants to prove additional consideration paid by John and received by Roussel, not mentioned in the written act of sale, on the ground that parol testimony is not admissible for such a purpose. Under Art. 1900, C. C., it was competent for the parties to prove the existence of a true and sufficient consideration. Cambon Bros. vs. Suthon, 147 La. 66, 84 So. 496; Brewer vs. N. O. Land Co., 154 La. 454, 97 So. 605; Queensboro Land Co. vs. Cazeaux, 136 La. 739, 67 So. 641.

Believing that the findings of the trial Judge are correct, his judgment is affirmed.