This is a proceeding in which plaintiff seeks to recover the sum of $500 deposited by defendant in consideration of the granting of an option to purchase certain oil and gas leases on lands located in Hutchinson County, Texas, which sum is being held by James G. Palmer as the escrow agent.
Defendant, Allaun, appearing through a duly appointed curator ad hoc, excepted to the plaintiff's petition on the ground that the same disclosed no right or cause of action. Plaintiff filed a supplemental and amended petition, whereupon the same nature of exception was reurged by the curator ad hoc on behalf of the defendant, Allaun, against both the original and supplemental pleadings of plaintiff. The escrow agent, Palmer, filed an answer asserting that he had no interest in the matter inasmuch as he was merely a stake-holder, *Page 670 
standing ready to deliver the amount in question to the party judicially determined to be entitled thereto, and praying to be relieved of costs and of any liability in the premises.
After hearing, there was judgment sustaining the exception and dismissing plaintiff's suit at his cost, in accordance with written reasons assigned by our learned brother of the District Court.
The instrument which is the basis of this action provided that, for the consideration of $500 cash, plaintiff, E.A. Tarver, sold to defendant, W.E. Allaun, "an option to purchase" two oil and gas leases covering specifically described lands located in Hutchinson County, Texas. The agreement, dated September 5, 1947, provided that Allaun should have "until midnight of Monday, the 22nd day of September, A.D., 1947, in which to exercise his right of purchase of the said two leases upon the terms of the agreement verbally arrived at * * *."
Plaintiff alleges that defendant failed to exercise the option to purchase within the time fixed and that, in accordance with the provisions of the agreement of option he is entitled to the sum of $500 deposited in consideration of the giving of the option.
The basis of defendant's exception, of course, is found in the contention that the plaintiff did not execute a binding promise to sell.
The crux of this matter was ably and succinctly stated by the Judge of the District Court in his written opinion as follows:
"The option contains a promise to sell real property consisting of two oil and gas leases. They are described accurately. The only obligation of the seller is to execute an assignment of them.
"The obligations of the buyer are neither alleged in the petition nor contained in the written option. The option does state that they are covered by a verbal agreement which is to be reduced to writing in the form of a contract when plaintiff executes the assignment.
"By statute, an oil and gas lease is real property in Louisiana. There being no showing to the contrary, the Texas law is presumed to be the same. A verbal agreement to sell real property is unenforceable in Louisiana. Also in Texas, according to the statutes cited.
"In Texas, even an ordinary lease of real estate for a term of more than one year must be in writing. The option before us does not contemplate the leasing of anything, the purpose being the assignment or sale of already existing leases. Every verbal sale of immovables is null. C.C. 2440.
"Likewise, agreements to sell. Article 2462 of the Civil Code goes further and provides that the written agreement to sell must specify the thing, the price and the terms. Arkansas-Louisiana Gas Co. v. Roy, 196 La. 121, 198 So. 768.
"Plaintiff is seeking to enforce a contract in so far as it is favorable to him, which is completely unenforceable in so far as it is favorable to defendant."
It is urged by counsel for plaintiff that the law of the State of Texas is controlling in an interpretation of the argeement of option before us in the instant case inasmuch as the agreement concerned the sale of real estate located within the State of Texas. We readily concede that all real property is exclusively subject to the laws of the State within which it is situate, but it does not follow that an agreement to sell executed in one state is governed and controlled by the laws of the state within which the object of the sale is located.
[1] We think there can be no question as to the fact that the law of Louisiana controls the interpretation of the agreement which was executed by the parties in the State of Louisiana. The contract was made in Louisiana and its performance and the enforcement thereof are being sought in Louisiana.
[2] It is argued by counsel for plaintiff that the exception is not well taken inasmuch as parol evidence is admissible to prove the consideration for an agreement in writing involving the sale of real estate, and in support of this contention a number of cases are cited. Examination of these cases determines that they are not applicable to the issue before us inasmuch as they concern executed contracts. While these cases are acceptable authority on the *Page 671 
puint that the true cause or consideration of a contract may be established by parol testimony, this is not the proposition with which we are here concerned. The same nature of argument was considered by the Supreme Court in Suthon v. Cambon Bros.,159 La. 134, 105 So. 252, 254, and disposed of in the following words:
"* * * this rule does not hold good, where the consideration is to redeem or is the granting of an option to purchase realestate, when the purpose of showing it is to enforce the right to redeem or purchase * * *."
[3] It seems clear to us that the written agreement of the parties to this suit is entirely devoid of the reciprocal consent as to the thing, the price and the terms which are specifically required as elements of such agreements under the provisions of Article 2462 of the Civil Code.
The mere fact that a written agreement refers to a verbal understanding as to the requisite elements is not sufficient, in our opinion, to remove such an agreement from the effect and operation of the requirements of the coda provision.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.