Martin, J.
delivered the opinion of the court. A capias ad satisfaciendum issued against *677 Penny on the 26th of November last, returnable on the third Monday of December following and was returned non est inventus.
East’n District.

Feb. 1823.

The bail being notified, surrendered the principal in open court. The plaintiff's counsel objected to the surrender, as being too late, after the return of the ca. sa.; but the court was of opinion that the capias, under the act of 1817, should have been made returnable in no less than sixty nor more than ninety days, and could not be legally returned non est inventus, in less than sixty days from the day it issued,” and ordered the principal in the custody of the sheriff, and the bail-bond to be cancelled.
The plaintiff appealed.
Gordon deposed, he is and has been clerk of the court of the first district, since its organization, and was clerk of the superior court of the late territory from the year 1809 till the formation of the state courts; that during the time he has been in office, it has been the practice both in the superior and district courts to make writs of capias ad satisfaciendum returnable in 15, 20, or 30 days from the date, at the option of the plaintiff. Before his appointment as clerk of the superior *678 court, there was no execution docket kept. Since, one has been always kept in each court, a reference to which, shows the period at which writ of capias was made returnable.
Holland, the deputy sheriff, deposed, he took the principal in pursuance of the court’s order, and informed the plaintiff's attorney he would not detain him unless a sum was advanced for his subsistence and the fees. The attorney at first declined, but soon after consented to make the advance for one week, and tendered a $10 note; but the witness not being able to produce the change, the attorney promised to pay in the morning; the principal was then committed, and on the following day was admitted to the bounds. The plaintiff’s attorney declined making any advance or having any thing to do with the prisoner.
It is admitted the plaintiff resides in St. Francisville.
The plaintiff and appellant’s counsel urges, that the district court erred as the bail was fixed, under the act of 1821, p. 58; that the capias was made returnable according to the long established practice of the district court, which has become a rule and mode of proceeding, which could be changed only by law *679 or a rule of court; that the act of 1817, cited by the district court, relates to writs of fieri facias only ; that if no fixed practice exists, with regard to the writs of capias ad satisfaciendum, it should be governed in the English common law, from which it came, according to which the bail in this case is fixed.
We are of opinion, that the writs of ca. sa. are included in the word execution, used in the act of 1817. The word is comprehensive enough to include them, and there is no good reason to conclude that the legislature should fix the day of return of the fi. fa. and leave that of the ca. sa. at the caprice or worst views of the plaintiff. This idea is strengthened by the consideration that the bail is fixed with the debt, and cannot surrender his principal after the return-day of the ca. sa. (1821, p. 58.) Now, if the plaintiff is to he the judge of the length of time, during which the bail may exercise his legal right of surrendering, will he not always direct this return to be within the shortest period possible? If the clerk of the first district thinks he may make a ca. sa. returnable in a fortnight, if the plaintiff insists on it, may not that of the second think himself justifiable in accommodating a plaintiff *680 with a ca. sa. returnable in ten or a less number of days?
That construction, which leaves the bail so much at the mercy of the plaintiff, is not to be favoured.
It is true, the act of 1817. after fixing the return day of executions, defines the sheriff’s duty in making the money out of the goods seized, and the manner in which tills money is to be paid by him, without giving any directions as to the mode in which a ca. sa. is to be executed and returned. The answer to this objection is, that there is but one mode of executing a ca. sa. i.e. by seizing and imprisoning the debtor. No difficulty in making the return, which can only be, that the defendant was not found, or that he was imprisoned.
It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.