On Motion to Dismiss.
PROVOSTY,.J.
The appeal bond in this case, after reciting that all the appellants and their surety are well and truly bound unto the clerk of court in the sum of $600, proceeds, as follows:
“Whereas, the above-bounden Louis Delatour, Mrs. Louis Delatour, and Louis Jacobs have filed this day a motion for appeal from a final judgment rendered against the said Louis Delatour, Mrs. Louis Delatour, and Louis Jacobs in the suit of Frank Goothye vs. Louis Delatour and others, No. 65,769 of the Civil District Court for the Parish of Orleans, on the 12th day of January, 1893, and signed on the 16th day of January, 1893, and the appeal has been allowed: Now the condition of the above obligation is such: that the above-bound Louis Delatour shall prosecute this appeal, and shall satisfy whatever judgment may be rendered against them, or that the same shall be satisfied by the proceeds of the sale of their estate, real or personal, if they be cast in this appeal; otherwise that the said American Bonding Company shall be liable in their place. [Signed] Mrs. Louis Delatour, 'Louis Delatour, Louis Jacobs. By their attorneys, Clegg & Quintero. American Bonding Company of Baltimore. By W. C. Dufour, Vice President.”
There are two defects in this bond: First, the date of the judgment appealed from is given as 1893, whereas the true date is 1903; and, second, only one of the appellants binds himself to prosecute the appeal, whereas the regular way would have been for all of them to do so. These defects are made the grounds of a motion to dismiss.
We do not think they are fatal to the appeal. The error in the date of the judgment is harmless, since the judgment appealed from is otherwise unmistakably identified. The other defect is also harmless, since the bond will be binding upon its subscribers if the defendant Delatour does not prosecute the appeal. In the eases of Russ v. Creditors, 45 La. Ann. 445, 12 South. 627, and Rawle v. Feltus, 33 La. Ann. 421, where the appeal bond was held to be invalid because the appellant had not bound himself to prosecute the appeal, the appellant might have nullified the bond and released the surety by simply not prosecuting the appeal; but here the condition is express that Louis Delatour shall prosecute the appeal. The test in all such cases is whether recovery could be had on the bond. Pleasants v. Botts, 5 Mart. (N. S.) 127. According to this test, the present bond is sufficient, since the appellants and the surety agree to be bound if Louis Delatour does not prosecute the appeal.
The motion to dismiss is denied.