(37 South. 965.)

No. 15,278.

ROWND et al. v. DAVIDSON et al.*

(Jan. 4, 1905.)

FRAUDULENT CONVEYANCES—EVIDENCE—INTENT OF PARTIES—POWER OF ATTORNEY.

1. Where real estate has been sold for a fair consideration, a creditor attacking the transaction as fraudulent must prove the insolvency of the vendor at the time, knowledge of such insolvency by the purchaser, and the intent of the latter in buying to assist the former in defrauding his creditors.

2. A power of attorney to sell and convey all the real estate of the principal in a certain parish sufficiently describes the property, and there is no statutory provision in Louisiana which requires such a mandate to be recorded.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert Raymond Reid, Judge.

Action by William B. Rownd, tutor, and others, against Gaston J. Davidson and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

J. W. Sentell, Clay Elliott, and Alfred Wood Spiller, for appellants. Stephen D. Ellis and Benjamin Moore Miller, for appellees.

LAND, J. This is a suit to annul two sales of land made by Gaston J. Davidson, per A. B. Davidson, to Edward P. Kinchen, on the grounds that the power of attorney under which A. B. Davidson acted was not sufficient in law, and was not recorded; that the sales were fraudulent simulations, and, if not simulations, were made in fraud of creditors.

There was judgment in favor of the defendants, and plaintiffs have appealed.

Both Kinchen and A. B. Davidson testified that the price was paid, and the clear preponderance of the evidence is that full value was given for the property. One of the tracts was sold by Kinchen before the institution of this suit, and the purchaser was not made a party defendant.

Kinchen went into possession of the property. He was a man of some means, and he was not even cross-examined as to the sources from which he derived the money stated in the deeds to have been paid. There is no evidence to rebut the positive testimony of the two parties to the sales that the price

───────

*Rehearing denied February 13, 1905.

was paid as recited in the deeds. A part of the consideration was $500, loaned Gaston J. Davidson previous to his departure from the country.

It appears that Gaston J. Davidson and Edward M. Davidson were charged with the murder of John W. Setoon, and absconded in order to avoid arrest. They went to Cuba, and there, on June 2, 1902, executed a power of attorney to their brother, Arthur B. Davidson, authorizing him to sell all their property, real and personal, in the parish of Livingston. On the same day they acknowledged the execution of the power of attorney before a commissioner for the state of Louisiana, residing in Havana. Acting under this mandate, A. B. Davidson, on October 21, 1902, made the sales to Kinchen, which were filed and recorded on the 23d of the same month and year.

On October 30, 1902, Rownd, tutor of the two minor children of John W. Setoon, filed suit against Gaston J. Davidson and Edward M. Davidson to recover $25,000 damages, caused by the death of the father at their hands. Defendants appeared through counsel and answered. The case was tried, and on April 15, 1903, judgment was rendered in favor of plaintiffs for $10,000, with legal interest from date of judgment.

The petition in that case was prepared for the purpose of suing out an injunction to restrain the defendants from disposing of their property, and on October 10, 1902—20 days before the petition was filed—the judge granted an order for the issuance of the writ on the applicants giving bond with security in the sum of $500. The tutor kept the papers in his pocket while endeavoring to get a surety on the bond. Failing in this, he caused the petition to be filed on October 30, 1902.

There is no evidence to show that Kinchen had any notice or knowledge that the tutor intended to sue Gaston J. Davidson, or that the minors had any claim against him for damages, though such a claim had been put on the inventory in the tutorship, but without any valuation. Outside of this claim for damages founded on a tort, there is no evidence that G. J. Davidson owed any debts except the sum of $500 due Kinchen, which constituted a part of the price of the property. These sales are not attacked as giving an unfair preference to a creditor, but as pure simulations or fraudulent conveyances without consideration. It may well be doubted whether plaintiffs can be considered as creditors at the time, their claim being for unliquidated damages arising from a tort. See Goothye v. Delatour, 111 La. 766, 35 South. 896. But it is unnecessary to decide this question, as the evidence shows that the sales were made for an adequate consideration, and fails to show that the purchaser knew of the insolvency of the vendor, and bought with the intent to assist him in defrauding his creditors. See Bastian v. Christesen, 34 La. Ann. 883. There is nothing to show that even the vendor or his agent had notice that plaintiffs intended to sue for damages. The relationship of Kinchen as cousin of the vendor is, under the circumstances of this case, without significance. Were the case doubtful on the issue of fraud, we would hesitate to disturb the judgment of the court a qua. But as it is, the decree seems to be sustained by a clear preponderance of the evidence.

The power of attorney is in the usual form, and authorized the agent to sell all the real property of the principal situated in the parish of Livingston. The power was special and express, and not general and indefinite. The objection that the real estate was not specially described is without force. In Boykin v. Wright, 11 La. Ann. 535, it seems to have been taken for granted that a power to sell all the principal's lands in a certain parish was sufficient. It has been held in California and Kansas that "an authority to sell all of the land belonging to the principal.

is good without a particular description of the property." See Am. & Eng. Ency. Law (2d Ed.) vol. 1, p. 1007, note 3. We concur in this doctrine as reasonable.

The acts of sale were duly recorded. They recited the agency. The power of attorney was merely evidence of the authority of the agent, and was a matter which concerned only the principal and the purchaser. A mandate to sell real estate does not affect the title to the property. Such mandates are usually recorded for the sake of preservation, but we know of no statutory provision which requires such registry.

Judgment affirmed.