June 10th, 1912.

---o---

5603.

(Court of Appeal, Parish of Orleans.)

## PHILIPINE HECK, WIDOW OF JOSEPH SCHWANDT vs. G. S. DREUX.

1. Secondary evidence is admissible to establish the contents of a written instrument where it is shown that the person in whose possession it was last seen has absconded and that his whereabouts are unknown.
2. A mandate authorizing an agent to sell real estate is sufficient, although it does not fix the price at which it shall be sold.

Appeal from the Civil District Court, Division "D."

Lazarus, Michel & Lazarus and D. Sessler, for plaintiff and appellee.

Charbonnet, Teissier & Teissier, for defendant and appellant.

GODCHAUX, J.—Plaintiff sued for a specific performance of a contract whereby she agreed to purchase certain real estate, she alleging that the contract was made through defendant's authorized agent to whom she paid the entire purchase price in advance. Her alternative prayer for the return of the purchase price was sustained by the lower Court and the defendant has appealed.

The defense is that the alleged agent who pocketed the purchase price and failed to carry out the contract to sell, was wholly without authority from defendant to make the agreement or to receive the consideration on his behalf.

It is proved that the alleged agent executed the agreement of sale and received the purchase price in the name of defendant as his principal. Plaintiff testifies that when the agreement of sale was executed there was exhibited to her a document purporting to bear the signature of defendant and conferring upon the agent the authority to consumate the transaction for defendant's account. This mandate itself was not produced, but the lower Court properly permitted the introduction of secondary evidence with reference thereto, for it was proved that the document, when last seen, was in the possession of the agent who subsequently fled and absconded and that his whereabouts were unknown to plaintiff.

Plaintiff and her daughter, as well as the disinterested witness Schwartz, viewed and read the document, and unite in testifying that the agent was authorized by its terms to dispose of the property for defendant's account. Their testimony on this point is strongly corroborated and the authenticity of the document itself is established by the admission of defendant to Ardill that his alleged agent was in fact such; by defendant's action in calling unsolicited upon plaintiff with reference to the transaction, thereby showing that he had full notice and knowledge thereof; by defendant basing his refusal to execute the deed of sale on grounds other than the lack of the agent's authority, and finally by defendant's failure to deny the genuineness or insufficiency of the power of attorney when informed by Schwartz that he had seen his signature affixed thereto.

Upon this evidence the lower Court properly held that the mandate was proved, for defendant's denial of its existence and execution stands alone and without the slightest corroboration.

The point made that the mandate as proved is in law insufficient because it failed to fix the price at which the agent was authorized to sell, is not well taken.

A mandate authorizing an agent to sell real estate is sufficient although it does not fix the price at which it shall be sold.

Steer vs. Ward, et al, 10 Martin, 679.
Sprigg vs. Herman, 6 N. S., 510.
Curry vs. Roberts, 16 La., 175.
Rownd vs. Davidson, 113 La., 1047.

The Court finds no error in the judgment and it is accordingly affirmed.

June 10th, 1912.

Rehearing refused, June 27th, 1912.

July 1st, 1912. Notice of intention to apply to Supreme Court for writ, etc.