ROBERT FRITZ

VS

JOHN CRUJAK

# 8387

No. 8387

Judge

Court of Appeal.
PARISH OF ORLEANS
FILED OCT. 17/21
Stanshury

ROBERT FRITZ

    VS                                  No. 8387

JOHN CRUJAK

CHARLES F. CLAIBORNE, JUDGE.

On motion to dismiss.

Plaintiff filed suit in the twenty-ninth Judicial District Court, Parish of Plaquemines. From a judgment against him, he took this appeal to this Court. Defendant moves to dismiss the appeal on the following two grounds:

1. "Because on the face of the said bond, which was intended to be a bond in this cause, it is stated to be a bond in the Civil District Court for the Parish of Orleans, State of Louisiana; that nowhere on the face of the said bond is the proper title of the 29th. Judicial District Court, in and for the Parish of Plaquemines given, and that, on the back of the said bond, it appears to have been filed August 19th, 1921 in the "Civil District Court, for the Parish of Orleans", in no named or numbered case, and the same does not constitute the proper filing of said bond or the proper execution and confection of said bond".

The Bond reads as follows:

"Know all men by these presents that we Robert Fritz, Conrad Meyer Jr., F. B. Freeland, as principal, and P. H. Adema, as surety, are held and firmly bound unto Frank J. Labrano, Clerk of the District Court for the Parish of Plaquemines, his successors, executors, administrators and assigns, in the sum of two hundred dollars for the payment whereof we bind ourselves, our heirs, executors and administrators, firmly by these presents, dated in the City of New Orleans on this _____ day of August in the year of Our Lord 1921.

Whereas the above bounden Robert Fritz, C. Meyer Jr., and F. B. Freeland have this day filed a petition of

881

appeal from a final judgment rendered against Robert
Fritz in the suit of Robert Fritz vs John Crujak, No.
2243 of the 29th District Court for the Parish of Pla-
quemines the _____ day of _____ 1921 and signed on
the _____ day of _____ 1921. Now the condition of
the above obligation is such that the above bound Robert
Fritz shall prosecute the said devolutive appeal and
shall satisfy whatever judgment may be rendered against
him, or that the same shall be satisfied by the proceeds
of his estate, real or personal, if he be cast in the
appeal; otherwise that the said P. I. Adema shall be
liable in his place".

On the back of the bond we read these words:

"Filed Aug. 19, 1921

signed: B. J. Lobrano Dy. Clerk".

This bond is upon a printed form of the Civil District
Court for the Parish of Orleans. The complaint of the appellee
is that the printed words:

"Civil District Court for the Parish of Orleans",
to be found at the beginning and on the reverse of the bond
have not been erased. This is immaterial. Writing prevails
over print. In other respects the bond is perfect and is the
printed form used in the Parish of Orleans. It is sufficiently
identified with the appeal to hold the surety on the bond.
1 S. S. 420; 16 A. 313; 40 A. 277,609; 35 A. 348; 119 La. 101;
107 La. 292; 111 La. 766; 125 La. 18 (30); 5 N. S. 127; 108 La.
518. We will presume that the deputy Clerk who signed the fil-
ing is the proper officer of the Court in which the bond was
furnished.

II. The second ground is as follows:

"Without waiving the foregoing, mover further avers
that said bond is not dated, and the affidavits upon
the back thereof are not good and sufficient as required
by law. That the said P. I. Adema only signed and swore
to the said bond on the 19th day of August 1921 while
the affidavit of the attorneys for the principal of the
said bond was sworn to two days previously in the City

of New Orleans as to an unnamed surety and which name they did not then know. Therefore said affidavit was null and void and was taken, accepted, and filed by the Clerk in violation of Section 4 of Act 112 of 1916 and is not good and sufficient as the law prescribes".

There is no law that requires a bond to be dated. *provided it was signed* It makes no difference when it was signed before it was filed. The date of the filing of the bond fixes the date of its signing. 29 A. 860; Henning U. C. 370, 186.

Nothing shows when Adema signed the bond. He may have signed it long before he swore to it, on the 19th.

When plaintiffs' attorneys, on August 17th, swore that the surety on the bond was worth the amount thereof; this Court must presume that the bond had already been signed by Adema and that they had him in mind when they swore that the surety on the bond was good. The surety on the bond and plaintiffs' attorneys having attested the bond in the manner required by Sec. 4 of Act 112 of 1916, the Clerk did not violate the law by filing the bond.

Motion to dismiss. *denied —*

October 17th, 1921.

*Judge DinKelspiel not having heard the argument takes no part—*