REGAN, Judge.
The plaintiff, Dorman Strahan, filed suit against the defendant, Marcel Garis, and requested the district court to issue an order of executory process since the defendant had defaulted on the payment of a mortgage note at its maturity. The. plaintiff attached to the petition a certified copy of the act of sale and mortgage, the mortgage note, and a duplicate original of an act of procuration passed before James D. Mason, counsel of the United States of America in Paris, France. On the same day, the district court ordered the issuance of executory process and appointed Charles G. Merritt, attorney at law, to represent Marcel Garis, the absent defendant.
After complying with all of the formalities, the civil sheriff offered the property at public sale and it was adjudicated to Nassau Realty Company, Inc., who simultaneously deposited 10% of the amount of the adjudication with the civil sheriff in conformity with the terms thereof.
Nassau, for some reason not disclosed by the record, omitted to pay the balance of the purchase price within thirty days after the adjudication. The plaintiff’s attorney then instructed the sheriff to advertise the property for sale in accordance with R.S. 13 :- 4360.
Thereafter, Nassau filed a rule in the district court ordering the plaintiff, the civil sheriff and the curator ad hoc to show cause why Nassau Realty Company, Inc., should not have the deposit returned to it for the reason that the title to the property was suggestive of litigation.
Nassau asserts in explanation thereof that while the credit sale wherein Garis ,ac~, *393 quired the property contains a confession of judgment, the act of procuration authorizing Villas, his agent, to act for him did not empower Villas to confess judgment therein.
The plaintiff responded to Nassau’s rule and asserted in his answer thereto that the act of procuration obviously contains language which should be construed as an adequate grant of authority to Villas by Garis, for the confession of judgment.
From a judgment of the lower court dismissing Nassau’s rule for return of its 10% deposit, it has prosecuted this appeal.
At the inception of this opinion, we reiterate only for the purpose of emphasis that title to real estate is involved and therefore the doctrine of stare decisis is applicable without equivocation. Unfortunately, respective counsel have conceded that their research has failed to disclose a case or a precedent wherein the ratio de-cedendi thereof was applicable to the facts hereof. Therefore, the issue which forms the pertinent subject matter of this litigation is in effect res novo.
The record discloses that the question posed for this court’s consideration is whether the appellant, Nassau, is entitled to a return to its 10% deposit on the theory that the property adjudicated to it by virtue of the sheriff’s sale possessed a defective title or one suggestive of litigation because the purchaser did not in so many words grant to his attorney-in-fact the right to confess judgment in the mortgage.
The relevant clause of the authentic act of procuration, or.power of attorney, reads as follows:
“Marcel Garis further empowers and authorizes Charles F. Villas, his agent and attorney-in-fact to purchase, acquire, and obtain the following described real estate in the name of and for the account of Marcel Garis for the price and sum of Twelve Thousand and NO/100 ($12,000.00) Dollars, from Dorman Strahan on the following terms, to wit: Five Thousand Eight Hundred Twelve and 01/100 ($5,812.01) Dollars in cash, and for a first mortgage note and mortgage and vendor’s lien on the property hereinafter described in the sum' of Six Thousand One Hundred Eighty-seven and 99/100 ($6,187.99) Dollars payable to order of Dorman Strahan at a rate of six (6%) per cent per annum from maturity payable within four months of the date of the said mortgage note and mortgage, and on such other terms and conditions as Charles F. Villas, agent and attorney-in-fact shall deem fit and proper.” (Emphasis added.)
The thrust of the appellant’s argument, as we understand it, is predicated upon several or more articles of the Civil Code which he interprets as requiring a specific authorization in a power of attorney to confess judgment on behalf of the principal thereof. Article 2996 provides that a mandate conceived in general terms confers only a power of administration. This article further states that the power to alienate, grant a mortgage, or “do any other act of ownership” must be expressly given in the power of attorney. Counsel further points out that Article 2997 requires that an agent be given express and special authority to “acknowledge a debt”. He insists that one of the elements of a confession of judgment is the acknowledgment of a debt. In support thereof, he refers us to Article 2632[1] of the Code of *394 Civil Procedure and Article 733 [2] of the Code of Practice of 1870, which list acknowledging “an obligation” and “a debt” respectively as one of the elements of a confession of judgment. Hence, counsel concludes that express authority must be given to an agent in the power of attorney in order to confect a valid confession of judgment.
The plaintiff’s counsel, on the other hand, is convinced that the procuration as written including the phrase “on such terms and conditions as Charles F. Villas, agent and attorney-in-fact shall deem fit and proper” constitutes absolute authority for the agent to execute a confession of judgment, since it is the usual and regular security clause appearing in conventional mortgages.
. Obviously, the answer to the question posed for our consideration hereinabove depends upon the sufficiency of the language italicized in the power of attorney, which of course, is to be read in context with the whole instrument.
The degree of specificity necessary for the validity of such a special clause and its sufficiency to empower the agent to confess judgment in a mortgage is brought into rather general judicial focus by a comparison of the rationale emanating from the case of Gumpert v. Signal[3] with the case of Hendry v. Nicolosi.[4] Neither of these cases were cited by respective counsel and neither concerns itself with a power of attorney. In the former case, which was decided by the Supreme Court, a mortgage was granted by a tutrix pursuant to a court order which authorized her “ * * * to mortgage the property owned by the minors herein and described in the foregoing petition, said mortgage to be in the sum of Seven Hundred Fifty Dollars ($750.00) and bearing eight per cent. S%, interest from date until paid, with all usual security clauses”. The Court reasoned that the authority to execute a mortgage “with all usual security clauses” included the right to execute a mortgage with a pact de non alienando, confession of judgment and waiver of appraisement clauses. The organ for the Court, in support of its decision, quoted with approval the language used by us in the same case as follows:
“It seems to us that the clauses with reference to the pact de non alienando confession of judgment and waiver of appraisement are so generally used in conventional mortgages that the courts can take judicial notice of those three clauses ‘as usual security clauses.’ ”
On the other hand, in the Hendry case, which emanated from the Court of Appeal, First Circuit, the tutrix obtained a judgment in which she ivas authorised to mortgage the family home in order to finance the outstanding obligations of the estate, to the amount of $5,000.00. The judgment further decreed ‘‘that she be hereby author-ised and empozvered to execute all instruments necessary and incidental, including the encumbering of the property belonging to the estate * * The court reasoned that such language was not sufficient to justify the action of the tutrix in executing the mortgage containing, inter alia, a confession of judgment, and it concluded by asserting that all this clause did was to permit the tutrix to encumber the land, without special authority granted by the judge to include the confession of judgment in the act of mortgage. This was obviously a hardship case involving an eviction suit under the Sharecropper’s Act which may account for the result reached therein.
*395 While the foregoing cases do not, as we have said, involve a power of attorney, the analogy offered is reasonably close so as to justify consideration of the rationale of each case in so far as it may facilitate an answer to the question posed herein.
The Hendry case, while we question the play upon semantics and the conclusion reached as a result thereof, is clear to the effect that the only authority granted by virtue of the judgment was to execute a mortgage on the property, even though the judgment decreed that the tutrix was “authorized and empowered to execute all instruments necessary and incidental including the encumbering of the property belonging to the estate”. However, in the Gumper case, the Supreme Court concluded that the phrase “with all usual security clauses” contained in the judgment was sufficient to authorize the tutrix to include a confession of judgment in the mortgage, since such a clause is generally used in conventional mortgages.
We have given much consideration to the issue raised herein and as a result thereof we are of the opinion that the specific language of the mandate, empowering the agent to grant a mortgage and vendor’s lien on the property fully described in the procuration, for a definite amount, with a stated rate of interest and a fixed maturity, and on such other terms and conditions as the agent shall deem fit and proper, can be construed in no other manner than as an absolute authorization to execute an act of sale and mortgage in the usual and customary form.[5] In order to reason otherwise, we would have to take the words appearing in the act of procuration which are to be understood in their most usual, general and customary sense, upon the judicial anvil and hammer them into an unexpected shape.
In W. B. Thompson & Co. v. Gosserand,[6] the organ for the court expressed the opinion that “[t]he court will take notice of prevailing customs”.[7] Obviously, the prevailing custom in the execution of conventional mortgages in this State is to include therein the pact de non alienando, confession of judgment, and waiver of ap-praisement, which we are convinced may be fairly considered as embraced within the phrase “on such other terms and conditions as the agent shall deem fit and proper”.
It is significant to emphasize in conclusion hereof that approximately eleven months elapsed between the execution of the mortgage and the institution of the foreclosure proceeding, the record reflects that no complaint emanated from Garis that his agent, Villas, had exceeded the authority granted in the mandate. Certainly, Garis possessed a copy of the mortgage and likewise possessed ample opportunity during this interval to register disapproval thereof if such was the case. Garis’ long silence would, in any event, amount to a ratification of the mandate. To reiterate, the only attack upon the sufficiency of the *396 procuration occurred collaterally and it emanates from the Nassau Realty Company, Inc.
For the foregoing reasons, the judgment of the lower court is affirmed. Appellant is to pay all costs incurred herein.
Affirmed.

. “An act evidencing a mortgage or privilege imports a confession of judgment ■when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses.judgment thereon if the obligation is not paid at maturity.”

.“An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the debtor has de-dared or acknowledged the debt for which he gives the privilege or mortgage.” (Emphasis added.)

. 180 La. 59, 156 So. 174 (1934).

. La.App., 126 So.2d 71 (1960).

.It is pertinent to point out Garis, the principal, possessed actual knowledge of Louisiana mortgage security clauses. The record reveals that a mortgage was granted by one Scullin in favor of Garis, less than two years prior to the execution of this mortgage. That mortgage affected the same property and Garis personally appeared before the same notary who passed the act of mortgage involved heroin, and he accepted Scullin’s mortgage which was executed on the same type of printed form, containing the same provisions, including confession of judgment.

. 131 La. 1056, 60 So. 682, 685 (1913).

. See O.O. Art. .3. “Customs result from a long series of actions constantly repeated, which have by such repetition, and by uninterrupted acquiesence, acquired the force of a tacit and common consent.”