CULPEPPER, Judge.
Plaintiffs allege they are the owners of an interest in certain land in St. Martin Parish. They aver that defendant, Paul S. Daspit, claims the ownership of a portion of this property by virtue of deeds which are null, since the original deed of acquisition was executed by a mandatary under a power of attorney which does not sufficiently describe the property. Petitioners pray for judgment declaring these deeds null and void.
Defendants filed an exception of no cause of action on the grounds that the power of attorney does sufficiently describe the property. The district judge sustained the exception and dismissed plaintiffs’ suit. Plaintiffs appealed.
The narrow issue presented to us by the arguments of counsel on this appeal is the validity of a power of attorney to sell all or any part of the real estate of the principal, without further description of the property.
Possession is not alleged, but since plaintiff claims ownership and names as defendants parties who claim the ownership adversely, we will treat this as a peti-tory action. LSA-C.C.P. Articles 3651, 3657.
*377 For purposes of the exception of no cause of action, the pleadings and attached documents show that the plaintiffs, Harold J. Resweber, et al., acquired by certain deeds in October of 1965 all of the interests of the four Arceneaux children in nine acres of land, being Lots 7, 8, 9 and 10 of the LeBlanc Partition. In a correction deed, dated January 12, 1966, the Arceneaux children state that it was their intention to also convey to plaintiffs all of their interests in Lots 1, 2 and 3 of the LeBlanc Partition. In their brief filed in this Court, plaintiffs allege that by virtue of this deed and correction deed they are the owners of substantially all of the interests in Lots 1, 2 and 3 of the LeBlanc Partition.
Defendants claim Lots 1, 2 and 3 under the following deeds. On October 21, 1965, Mr. Alcide Arceneaux, acting as mandatary under a letter of attorney from the four Arceneaux children, conveyed to Mr. Marcel R. Daspit Lots 1, 2 and 3 of the LeBlanc Partition. On October 22, 1965, Mr. Marcel R. Daspit conveyed these same lots to Mr. Paul S. Daspit, Jr.
Plaintiffs contend these two deeds are null and void since the letter of attorney from the Arceneaux children to Mr. Alcide Arceneaux did not sufficiently describe the property. They pray for judgment declaring them null and void.
The powers of attorney from the Ar-ceneaux children to their father, Alcide Arceneaux, are drawn on a printed form, “Hansel Form No. 101”. These instruments give the mandatary general powers to conduct, manage and transact all and singular the affairs, business and concerns * * * of whatever nature or kind of the Arceneaux children. With particular reference to the sale of property, the manda-tary is authorized “to sell, transfer and convey or to mortgage and effect all or any part or parts of the real, personal or mixed estate of the said * * *, and to receive the price therefor, * * . * on such terms and conditions as the said attorney shall think fit * * * and for the full execution of the purposes aforesaid, to make, sign and execute in the name of the said * * * all acts, whether of sale, mortgage, lease, release, contract, compromise, covenant, deed, agreement or otherwise, that shall or may be requisite or necessary.” The powers of attorney do not describe the property with further particularity nor do they give the parish or state in which the property is located.
Our Civil Code articles dealing with mandates provide in pertinent part:
“Art. 2994. It may be either general for all affairs, or special for one affair only.
“Art. 2996. A mandate conceived in general terms, confers only a power of administration.
“If it be necessary to alienate or give a mortgage, or do any other act of ownership, the power must be express.
“Art. 2997. Thus the power must be express and special for the following purposes :
“To sell or to buy. * * * ” (emphasis supplied.)
In Rownd v. Davidson, 113 La. 1047, 37 So. 965 (1905) the argument was made that the transfer was void because the mandate did not specially describe the property. The court held:
“The power of attorney is in the usual form, and authorized the agent to sell all the real property of the principal situated in the parish of Livingston. The power was special and express, and not general and indefinite. The objection that the real estate was not specially described is without force. In Boykin v. Wright, 11 La.Ann. 535, it seems to have been taken for granted that a power to sell all the principal’s lands in a certain parish was sufficient. It has been held in California and Kansas that ‘an authority to sell all of the land belonging to the principal is good without a particular description of the property.’ See Am. & Eng.Ency.Law (2d Ed.) vol. 1, p. 1007, note 3. We concur in this doctrine as reasonable.”
*378 Tensas Delta Land Company v. Fleischer, 132 La. 1021, 62 So. 129 (1913) involved a procuration to sell all of the principal’s land in Louisiana and gave the parishes in which the land was located. The court said:
“The procuration reads that it authorizes conveyances ‘of all the real estate in the state.’ The intention, as just stated, was to perfect the deed of October, 1881. It does refer to land of Kinney in certain parishes, naming them — for instance, all of the lands in East Carroll and all the lands in West Carroll, as well as lands in other parishes. Although not giving a full description, we are of opinion that it is complete enough and identifies the property, and that the objection to the procuration, on the ground that the property is not sufficiently described, is not fatal to the deed.”
Certain writers contend that under Louisiana law a power of attorney to sell land should contain a full description of the property. However, the authors point out that in the above cited cases the courts have held it sufficient to give the state and parish in which the land is located. J. K. Bailey, A Manual on Examination of Louisiana Land Titles, at page 59; Comment, Construction of Powers of Attorney in Louisiana, 23 Tul.Law Rev. 242, at page 246.
We conclude the cited cases do not hold that the property must be specially described. Actually, Rownd v. Davidson, supra, holds that no particular description of the property is necessary. The Tensas case, supra, holds only that a power of attorney which gives the state and parish in which the property is located is not objectionable. Hence, we will turn to the Code Articles themselves in search of a proper construction.
Let us first review the history of LSA-C.C. Articles 2996 and 2997. Article 2996 of the Louisiana Civil Code of 1870 has an exact equivalent in the French Civil Code, namely, Article 1988 of that Code. According to well-settled French doctrine and jurisprudence, the purpose of Article 1988 is to draw a distinction between a general and an express mandate (rather than a distinction between a general and a special mandate). See 11 Planiol et Ripert, Traite pratique de droit civil, 899 (2d ed. 1954). Thus, the power to sell land in France must be express though not necessarily special. In this respect Marcade has this to say: “Sec. 900. Thus, it is not only the mandate to sell this particular immovable, to grant a mortgage to that particular creditor, or any other mandate the object of which is particularized that constitutes an express mandate. The power to alienate all the immovables of the mandatary as well as the power to grant a mortgage on all his immovables constitute an express mandate, although the immovables destined to be sold or mortgaged are not described individually or by name, because the nature of the acts to be performed, namely, to sell or to mortgage, has been neatly specified. The Court of Cassation has held in this sense and in the framework of this order of ideas that a procuration conferring the power to borrow money in express terms does not need to mention the name of the lender, or the form and the amount of the loan.” 8 Marcade, Explication du Code Civil 500 (1877) (emphasis in the original).
Article 2996 of the Louisiana Civil Code was first adopted as Article 2965 of the 1825 Louisiana Code. The 1808 Louisiana Code had no corresponding provision. See 3 Compiled Edition of the Civil Codes of Louisiana, p. 1641 (1942). Until 1825, the law of Louisiana was materially different from the French Civil Code. Page 422, Article 10, of the 1808 Louisiana Code provided: “The attorney in fact has no power to alienate any thing but what is movable and perishable * * * unless a special power to that effect be given in the procuration.” This provision had been taken verbatim from the French Project du Gouvernment (1801), Book III, Title XVII, art. 10. In the 1825 revision, this provision was amended to read as present Article 2997 of the Civil Code; at the same *379 time, the redactors added the provision of present Article 2996.
Taking into account the history of Articles 2996 and 2997 as well as their respective sources, question arises whether the mandate to sell in Louisiana need he both express and special or only express (as in France). Article 2996, taken alone, requires merely an express mandate; Article 2997 taken alone or in combination with the preceding article, requires both an express and a special mandate to sell. An express mandate is, of course, one in which the principal specifies the nature of the act or acts to be accomplished by the mandatary. See Marcade, supra. A special mandate is one given “for one affair only.” Art. 2994.
As stated above, certain writers take the view that a power to sell must be sufficiently descriptive. The expounders of this view obviously adopt the interpretation that Article 2997 adds to the requirement of Article 2996, namely, they read the two articles together. This view is a plausible literal interpretation of the two articles. Indeed, if the mandate must be special, it must refer to the sale of one immovable only; if the immovable is not sufficiently described so that it can be identified, the mandate is not special.
Argument may be made, however, that the redactors of the 1825 Louisiana Code intended to bring Louisiana law into line with French law, and to liberalize the rules governing mandates; thus, they adopted Article 1988 of the French Civil Code verbatim and amended the provision of the 1808 Code. In the process of revision they apparently overlooked the latent conflict between Articles 2996 and 2997.
As in France, in common law jurisdictions the rule is that “the power of attorney need not particularly and separately describe each specific tract of land which the agent is authorized to sell.” 2 C.J.S. Agency § 114 (p. 1329). We do not see any policy reason why Louisiana should be different in this respect from both common law and civil law jurisdictions. The interests of the mandatary are sufficiently protected, by the requirement of an express mandate to sell.
Our conclusion is that the redactors of the 1825 Code intended to adopt the rule of Article 2996 that the power to alienate or perform any other act of ownership of property must be “express” and need not be “special”. We are aware that this holding in effect strikes the word “special” from Article 2997. However, our Supreme Court has already done this. In the French authorities and in our own Code, Article 2994, a “special” mandate is for one affair only. Our Supreme Court has held in Rownd v. Davidson and Tensas Delta Land Company v. Fleischer, supra, that a mandate to sell land need not be “special” in the sense that it refers to one transaction only.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.