KLEES, Judge.
The plaintiff/appellee, Jeffer Investments, Inc., is the holder of a promissory note executed by the defendants/appellants, Anna Lee Bernard individually and on behalf of her husband, Clarence Bernard as his Agent and Attorney in fact. The Bernards defaulted on the note and Jeffer filed a Petition for Executory Process, seeking to seize and sell certain property owned by the defendants. Mr. Bernard and his brother Earl Bernard filed a Petition for Injunction to Arrest Seizure and Sale Under Executory Process. The *1170 situation was denied by the trial court. From this adverse ruling they appeal. We affirm.
Clarence and Anna Lee Bernard were married sometime in 1984. On May 23, 1986, Clarence Bernard executed an Act of Procuration before a notary and two witnesses giving his wife, Anna Lee Bernard a general power of attorney. This instrument was filed in the conveyance office of the Parish of Orleans on June 17, 1986. On May 23, 1986, Clarence Bernard transferred two specifically described pieces of separate immovable property to the community existing between himself and his wife. This instrument executed before a notary and two witnesses, was also filed in the Conveyance Office on June 17, 1986. On July 10, 1986 Clarence Bernard donated this same specifically described immovable property to his brother, Earl Bernard. This act was also executed before a notary and two witnesses and was filed in the conveyance office on July 11, 1986. In this act, Clarence Bernard stated that he was married once to Mary Anderson Bernard who predeceased him. Anna Lee Bernard did not sign this act of donation. On August 11, 1986, Anna Lee Bernard, individually and on behalf of Clarence Bernard, as his Agent and Attorney in fact, executed a promissory note payable to bearer and secured by a mortgage of one of the pieces of property Clarence Bernard transferred from his separate property to community property. The mortgage was accepted by Colonial Mortgage and the note was later sold to Jeffer Investments, Inc. The first installment on the note was paid on September 15, 1986 and no further payments were made. On November 5, 1986, Jeffer filed the Petition for Executory Process and on January 12, 1987 the Petition for Injunction to Arrest Seizure and Sale Under Executory Process was denied.
The central issue on appeal is whether or not the procuration authorized Anna Lee Bernard to mortgage the property in question. Appellant contends that the mortgage is not valid because the Act of Proc-uration does not authorize the mortgage of specified property of Clarence Bernard for a specified amount.
The Act of Procuration used in this case is a standard form which allows the Attorney in fact full power and authority to “conduct, manage and transact all and singular affairs, business and concerns of whatever nature of kind, without any exception or reservation whatsoever.” The instrument further provides that the Attorney in fact has the power to “sell, transfer and convey or to mortgage and effect all or any part of parts of the real, personal or mixed estate of the said Clarence Bernard.”
In Resweber v. Daspit, 240 So.2d 376 (La.App. 3rd Cir.1970), the Third Circuit was faced with a situation similar to the case at bar. In that case, the defendant purchased the property in question from an individual who sold it while acting under a procuration identical to the procuration in question. The plaintiffs argued that the sale was null and void because the proc-uration did not sufficiently describe the property. The Third Circuit after a thorough examination of the law, held that under Civil Code Articles 2994 through 2997 (those Articles governing mandates), the procuration gave the agent “express” authority to sell any of the property of the principal without the need for a specific or “special” description.
We find that there are no restrictions contained in this Act of Procuration and that the language of the act expressly provides that Anna Lee Bernard has the authority to mortgage property of Clarence Bernard.
Appellant additionally argues that the power of procuration was impliedly revoked by his attempt to transfer the property in question to his brother.
Clarence Bernard transferred the property in question from his separate property to community property prior to donating this same property to his brother. Therefore at the time Clarence Bernard executed the Act of Donation of the property to his brother, the property was community property.
*1171 The Louisiana Civil Code provides that a spouse may not alienate, encumber or lease his undivided interest in particular things of the community prior to the termination of the regime. La.C.C. Art. 2337. The Code further provides that when the concurrence of a spouse is required the alienation, encumbrance, or lease of community property by a spouse is relatively null, unless the other spouse has renounced his right to concur. La.C.C. Art. 2353. Consequently, there was no valid donation of the property in question by Clarence Bernard and no implied revocation of the proc-uration.
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.