Dr. Henry McLEMORE, II, et al.

v.

Paul J. LANDRY, et al.

SUN BELT FEDERAL BANK, F.S.B.

v.

RIVER VILLA PARTNERSHIP, et al.

Dr. David WALLIN, et al.

v.

FSC SECURITIES
CORPORATION, et al.

Dr. Lawrence TUJAGUE, et al.

v.

Paul J. LANDRY, et al.

Civ. A. Nos. 86–238–B, 86–359–B,
87–401–B and 86–825–B.

United States District Court,
M.D. Louisiana.

June 3, 1988.

Thomas H. Benton, Benton, Benton & Benton, Richard C. Odom, Baton Rouge, La., for plaintiffs.

John Dale Powers, Powers & Vaughn, Clegg, Baton Rouge, La., J.P. Hebert, Liskow & Lewis, Lafayette, La., for Sun Belt Federal Bank and F.S.L.I.C.

Mark D. Mese, Ray C. Dawson, Franklin, Moore & Walsh, Baton Rouge, La., for Nat. Union Bonding Co.

W. Shelby McKenzie, T/A, John F. McDermott, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for New England Ins. Co. and New England Reinsurance Corp.

Kevin Patrick Monahan, Robert Felton Monahan, Vinet & Monahan, Baton Rouge, La., for Interplan Development.

Richard A. Curry, Rubin, Curry, Colvin & Joseph, Baton Rouge, La., E. Keith Carter, Shreveport, La., for FSC Securities.

William E. Wright, Jr., David Banowetz, Jr. T/A, Marie Breaux Stroud, New Orleans, La., for Pelican Homstead.

J. Rodney Ryan, Jr., Gary, Field, Landry, Dornier, L.C., Baton Rouge, La., for Cecil Cavanaugh and Bernard Robins & Cavanaugh, Cert. Public Accounts.

## OPINION

POLOZOLA, District Judge.

This action was originally filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. In the state court suit, Sun Belt Federal Bank, F.S.B. ("Sun Belt") filed suit against the defendants River Villa, a Louisiana partnership, Interplan Development, Inc., a Louisiana corporation, and Drs. Henry McLemore, Thomas Jenkins, Leon Lastraps III, Gerald Murdock, Francis Elias, Robert Lyons, Lawrence Tujague, William O'Neal, David Wallin, Patrick Breaux, William Harkrider, Lawrence Broussard and also against Charles Smith and Gerald Schiff in connection with a promissory note and mortgage executed on behalf of these defendants by Paul J. Landry on December 10, 1984, in the original amount of $1,585,000.[1] After Sun Belt closed, the Federal Savings and Loan Insurance Corporation ("FSLIC") was substituted as a party plaintiff in its capacity as a duly appointed receiver of Sun Belt Federal Bank, F.S.B. Thereafter, the suit was removed to this court. The matter is now before the court on cross motions for summary judgment filed by the FSLIC as well as River Villa Partnership. The court has heard oral arguments in this case and for reasons which follow finds that the motion of FSLIC for summary judgment should be granted. The court further finds that the motion of River Villa Partnership for summary judgment should be denied.

The facts in this case are not in dispute. Paul J. Landry induced the partners of River Villa Partnership to execute individual powers of attorney authorizing Landry to perfect an exchange of partnership properties. The powers of attorney gave Landry authority to exchange False River Properties, owned by the partnership, for certain properties located in Gonzales, Louisiana, which were owned by a third party. Landry was also authorized in the power of attorney to borrow $1,550,000.00 from Sun Belt on behalf of the River Villa Partnership. It is clear that both the exchange and the financing were to be done "all on such terms and conditions as the agent

---

1. The court will refer to the defendants collectively as the River Villa Partnership.

deems fit and proper in his sole discretion." [2] Sun Belt then made a loan to River Villa Partnership and its individual partners on December 10, 1984. This loan was evidenced by a promissory note executed by Landry as president of Interplan Development, Inc., the managing partner of River Villa Partnership, and as the attorney in fact for the individual partners by virtue of certain powers of attorney executed by those individual partners in favor of Landry. As security for the loan by Sun Belt to River Villa and its partners, Landry, as attorney in fact for the partners and the partnership and as the authorized representative of the managing partner, Interplan Development, Inc., executed the following documents: (1) an authentic act of collateral mortgage dated December 10, 1984, affecting certain tracts of land located in Gonzales, Louisiana; (2) a collateral mortgage note dated December 10, 1984, in the principal amount of $1,900,000.00 payable on demand and made payable to the order of Itself; (3) a promissory note dated December 10, 1984, in the amount of $1,585,000.00 payable to the order of Sun Belt Federal Bank, F.S.B.; (4) a collateral pledge agreement whereby the aforesaid collateral mortgage note was pledged and delivered to Sun Belt as security for any and all loans made by Sun Belt to River Villa; and (5) a notarial act of assignment of leases and rents dated December 10, 1984.

A review of the record reveals that Landry signed the above documents and accomplished the exchange, but not according to certain side agreements Landry had made with the partners.[3] The properties received by River Villa were poor investments. Furthermore, there is evidence in the record which strongly suggests the appearance of fraud by Landry in connection with his activities in this transaction. Thereafter, the partnership stopped payment on the notes and Sun Belt filed suit in state court. When the partnership declined to make payments on the note, the entire

loan by Sun Belt to River Villa became due on May 1, 1985.[4] The balance due on the note is $1,584,018.45, together with accrued interest through January 27, 1988 in the sum of $577,670.86. The per diem interest accrues at the rate of $592.00 per day.

In its motion for summary judgment, FSLIC seeks judgment in accordance with the notes and affidavits attached thereto and seeks recognition of the mortgages which were previously described above. However, FSLIC does not seek at this time to impose joint and solidary liability on Dr. Francis Elias, Dr. Patrick Breaux and Dr. David Wallin because of their apparent failure to execute powers of attorney in favor of Landry. Insofar as these three defendants are concerned, the Receiver seeks judgment in its favor against these individuals for their pro rata and virile shares.

River Villa strenuously opposes FSLIC's motion for summary judgment. River Villa contends that FSLIC cannot recover on the notes as a matter of law because the powers of attorney authorizing the notes are defective. River Villa further contends that even if the powers of attorney are not defective, FSLIC is estopped from recovery because it bought the notes with knowledge of their fraudulent origin. These contentions are without merit.

■ The record in this case fails to reveal how the powers of attorney executed in favor of Landry were invalid. A power of attorney need not be in authentic form. See Louisiana C.C. Article 2992; *Weinhardt v. Weinhardt,* 214 So.2d 254 (La.App. 4th Cir.1968) *appl. denied* 253 La. 57, 216 So.2d 305 (1968). Thus, the fact that Landry appeared as a witness on the powers of attorney is immaterial. Under Louisiana law a power of attorney must be express in order to buy or sell property, but it need not contain a specific property description. Louisiana C.C. Article 2997; *Resweber v. Daspit,* 240 So.2d 376 (La.App. 3rd Cir.1970). Thus, the absence of the

---

**2.** Power of Attorney, See FSLIC Ex. 3–12.

**3.** It must be noted that Sun Belt Federal Bank, F.S.B. was not a party to these side agreements.

**4.** Under the terms of the mortgage and promissory note, the entire balance of the loan is now due.

property description referred to as Exhibit B in the power of attorney is not fatal to the agreement. Furthermore, the inadvertent reversal of the captions to the property descriptions found in the mortgage is also not material. Finally, the fact that the property descriptions in the mortgage included property in addition to that authorized by the partners does not make the powers of attorney null and void. This issue and the fact that Landry borrowed in excess of the limits set forth in the power of attorney must be considered by the court in connection with the issue of whether or not River Villa ratified these actions.

■ In order for there to be a ratification, there must be a clear and absolute intent on the part of River Villa to ratify the actions of Landry. *First National Bank of Shreveport v. Crawford,* 455 So.2d 1209 (La.App. 2nd Cir.1984), *cert. denied* 459 So.2d 538 (1984). A party with full knowledge of all of the facts who accepts the benefit of a contract is deemed to have ratified the contract and is precluded from repudiating the agreement. *Francis v. Bartlett,* 121 So.2d 18 (La.App. 2nd Cir. 1960). However, silence in the absence of any knowledge of material facts does not constitute ratification. *Robinson v. Thomson,* 212 La. 186, 31 So.2d 734 (1947). Applying these principles to the facts of this case, the court finds that the partners ratified the actions of Landry which are relevant to the motion before the court. The partners authorized Landry to execute the $1,900,000.00 collateral mortgage and to bind the partners in solido. It is also clear that Landry had the express authority to secure the $1,550,000.00 debt. Landry was also authorized to secure principal obligations with collateral mortgages in excess of the principal amount. The broad authority given to Landry in the powers of attorney to finance the exchange supports the court's decision in this case. The powers of attorney authorized Landry to finance the exchange on "such terms and conditions as he deems fit and proper in his sole discretion". *Strahan v. Garis,* 183 So.2d 392 (La.App. 4th Cir.1966), *cert. denied* 184 So.2d 26 (1966). The parties also ratified Landry's actions by renting the property, paying part of the loan he made on their behalf and authorizing the exchange of the New Roads and Gonzales properties.

■ The court further finds that *Langley v. FDIC,* — U.S. ——, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) applies under the facts of this case. *Langley* provides that a maker who has been fraudulently induced by a bank official to sign a note cannot assert the defense of fraudulent inducement against the FDIC. The court in *Langley* further held that the FDIC's knowledge of the misrepresentations prior to its purchase of the asset is not relevant to whether the agreement must satisfy the recording requirements of 12 U.S.C. 1823(e). River Villa contends that *Langley* does not apply to the facts of this case because the fraudulent inducement did not involve a side agreement triggering § 1823(e) and the *Langley* decision. River Villa further contends that without *Langley,* FSLIC would be treated as any other holder of a note and would be subject to the notice defenses of § 3–304 of the Uniform Commercial Code.

River Villa's contentions are without merit. Section 1823(e) and the *Langley* decision are applicable the instant a side agreement conditions the recovery on a note. The court must also reject River Villa's contention that *Langley* only applies to fraudulent inducement by a banking official and does not apply to fraud committed by a party one step removed. If *Langley* protects FSLIC from a fraud perpetrated by a bank which is insured by FSLIC, a fortiori, *Langley* must also protect FSLIC from a fraud perpetrated by a third party from whom the agency has absolutely no connection.

■ Finally, the court finds no evidence of "fraud in the factum" that would render *Langley* inapplicable. *See also FDIC v. Morrison,* 816 F.2d 679 (6th Cir.1987). Because the court finds *Langley* applicable to the facts of this case, FSLIC's motion for summary judgment should be granted. As noted earlier, a judgment herein shall be rendered in solido as to all defendants except Dr. Francis Elias, Dr. Patrick Breaux

and Dr. David Wallin, who shall be liable to FSLIC for their pro-rata and virile shares. In all other respects, the defendants shall be liable in solido to the plaintiff herein. Counsel for FSLIC shall prepare a judgment which shall be submitted to counsel for River Villa for approval as to form. This document shall be filed with the court within 15 days from the date of this opinion.

The court further finds that no just reason exists for delaying entry of judgment herein and, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, hereby authorizes the Clerk to enter final judgment on FSLIC's motion for summary judgment.